UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN D. ANDERSON,

    Petitioner,

Case No. 2:16-cv-12466

v.

HONORABLE STEPHEN J. MURPHY, III

SHAWN BREWER,

    Respondent.
                               /

## ORDER TRANSFERRING CASE TO
## THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Melvin D. Anderson ("Anderson"), a Michigan state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

Anderson challenges his convictions for two counts of possession with intent to deliver 50 or more but less than 450 grams of cocaine, two counts of possession of a firearm during the commission of a felony, second offense, and one count of felon in possession of a firearm. In 2007, Anderson filed a habeas corpus petition in this Court challenging the same convictions challenged in this petition. On February 20, 2009, the Honorable George Caram Steeh issued an Opinion and Order denying Petitioner relief. In

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

the decision, Judge Steeh addressed and rejected Anderson's claims on the merits. *Anderson v. Trombley*, No. 07-cv-12154, 2009 WL 424977 (E.D. Mich. Feb. 20, 2009).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Anderson's prior habeas petition was denied on the merits, and Anderson has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition. When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Court's Clerk transfer the case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: July 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2016, by electronic and/or ordinary mail.

                                        s/Carol Cohron
                                        Case Manager